## FIRST NAT. BANK OF BOWIE v. ANDERSON et ux.

### No. 12910.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 20, 1934.

Rehearing Denied Feb. 24, 1934.

J. W. Chancellor and T. B. Coffield, both of Bowie, for appellant.

Donald & Donald, of Bowie, for appellees.

LATTIMORE, Justice.

Abe Anderson and wife had been married to the trial date, 34 years. He was in various occupations during that time, principally public works, such as road construction. His

wife worked, keeping the commissary and cooking for the employees, as well as doing sewing for others than her family, and for all of same she received pay. This was deposited in various banks and a part of it was deposited in the City National Bank of Bowie in her husband's account, in which he also deposited funds. Mrs. Anderson said she loaned a large part of these earnings, the exact amount she did not know, from $1,500 to $4,000, to Abe Anderson from time to time "as he needed it" and same has not been repaid.

A note was executed by Abe Anderson and his wife who secured it by a deed of trust on a farm in Montague county, which farm was previously owned by Mrs. Anderson's parents who died intestate, leaving eight children. During appellee's marriage the interest of the other children was purchased by checks drawn on the City National Bank of Bowie against the Abe Anderson account, above described, and signed by Mrs. Anderson. The deeds were made to Abe Anderson.

■ Abe Anderson delivered to the president of the payee bank (not appellant) more than enough money to pay the note sued on, with instructions to pay this note. The bank applied same to other obligations to it due by Abe Anderson. This was a full discharge of the mortgage. It was also a discharge of Mrs. Anderson from the mortgage and the debt represented by the note.

■ The jury found that the farm was the separate property of Mrs. Anderson. We do not find any evidence to sustain such finding.

The earnings of Mrs. Anderson were community and she placed such of them as went into the City National Bank into a common fund with other community funds under the control of her husband. No one attempts to say which of said funds from that point were paid on one debt and which on another. It is not an answer to say that she loaned the funds to her husband. Even if so, they are none the less community and subject to his debts after such loan. They were not hers to begin with, merely in her control by statute, a control which she relinquished by the so-called loan. The result is the same if he gave her his community interest in her earnings. She loaned them thereafter to him and the purchases with such loaned funds and his own earnings are community.

The trial court entered judgment for the debt against Abe Anderson, who has not appealed; denied foreclosure of the lien, reciting among other grounds therefor the findings of the jury that the land is separate prop-

erty of Mrs. Anderson. We affirmed the judgment of the trial court, though one of his grounds therefor, to wit, the designation of the farm as separate property of Mrs. Anderson, was incorrect.

Mrs. Anderson sought no recovery, praying only the plaintiff take nothing and that the cloud cast on her title by the deed of trust be removed. However, we now note that the court did incorporate in his judgment an order that the title to the farm "is hereby in all things declared to be in Mrs. H. B. Anderson as her separate property." The pleadings in our judgment do not permit, or the evidence justify, such order.

The judgment of the trial court is reformed to strike from the judgment the portions thereof last above quoted, and, as reformed, it is in all other respects approved in so far as attacked in this appeal, and the motion for rehearing is overruled.